IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:14-CV-00056-F

| | |
|---|---|
| JASON SHUPE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| HEIDI BAUR, *Onslow County* ) | |
| *Dept. of Social Services*, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on Plaintiffs' Motion to Compel Discovery, filed on March 2, 2015. [DE-30]. Defendants Heidi Baur, Kim Bailey, and Kim Winston ("Defendants") filed a Response in Opposition on March 16, 2015. [DE-32]. Accordingly, all responsive briefing is complete and Plaintiffs' motion is ripe for review. For the reasons set forth below, Plaintiffs' motion is denied and no sanctions will be awarded.

## DISCUSSION

Plaintiffs brought an action against Defendants under 42 U.S.C. § 1983, asserting that the State of North Carolina interfered with their familial rights in violation of the Fourth and Fourteenth Amendments, and seeking to review all evidence from a state court action for child abuse and neglect. Compl. [DE-1] at 1-2. On November 6, 2014, the court entered a scheduling order, which provided that all discovery would be completed by January 30, 2015. [DE-21] at 1.

In the instant motion to compel, Plaintiffs seek an order from the court directing Defendant Heidi Baur to comply with discovery obligations and produce responses to the Plaintiffs' First Request for Production of Documents. Pls.' Mot. [DE-30] at 1. Plaintiffs also seek an award of

sanctions in connection with the motion to compel. *Id.* Defendants respond that Plaintiffs' motion should be denied because Plaintiffs never served discovery requests during the discovery period, Plaintiffs' motion to compel violates both Fed. R. Civ. P. 37 and Local Civil Rule 7.1(c), and Defendants have already served Plaintiffs with all relevant, non-privileged documents in their possession, custody, and control on February 23, 2015, when Defendants served Plaintiffs with Supplemental Initial Disclosures. Defs.' Resp. [DE-32] at 1-3.

Rule 37 of the Federal Rules of Civil Procedure provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if a party has failed to respond to a discovery request, such as a request for production. Fed. R. Civ. P. 37(a)(3)(B). Additionally, pursuant to Local Civil Rule 7.1(c), "[n]o motions to compel discovery or other motions relating to discovery or inspection will be considered by the court unless the motion sets forth or has attached thereto, by item, the specific question, interrogatory, etc., with respect to which the motion is filed, and any objection made along with the grounds supporting or in opposition to the objection." A failure to set forth the specific question to which a motion to compel is directed in accordance with Local Civil Rule 7.1(c) constitutes grounds for denying a motion to compel. *United States v. Pritchett*, No. 5:09-CV-00322-F, 2010 WL 4484647, at *2 (E.D.N.C. Oct. 29, 2010) (unpublished) (denying a motion to compel written discovery requests where the movant failed to "set[] forth or have attached thereto, by item, the specific question, interrogatory, etc., with respect to which the motion is filed, and any objection made along with the grounds supporting or in opposition to the objection.") (quoting Local Civil Rule 7.1(c)). Here, Plaintiffs have failed to attach any discovery requests to their motion to compel. *See* Pls.' Mot. [DE-30]. This is far from a minor defect where, as here, Defendants assert Plaintiffs have not properly served them with written

2

discovery. Accordingly, Plaintiffs' failure to comply with Local Civil Rule 7.1(c) provides sufficient grounds to deny the motion to compel. *Pritchett*, 2010 WL 448467, at *2.

Sanctions are available in conjunction with a motion to compel discovery even if the motion is denied. Fed. R. Civ. P. 37(a)(5) (providing for sanctions if the court grants, denies, or grants in part and denies in part a motion to compel). The rule provides, however, that the court should not award sanctions if "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(iii) & (B). Further, "the imposition of discovery sanctions is generally within the sound discretion of the trial court." *Billips v. N.C. Benco Steel, Inc.*, No. 5:10-CV-095-RLV-DCK, 2011 WL 34416, at *5 (W.D.N.C. Aug. 8, 2011) (unpublished) (internal citations and quotation omitted). Here, the court determines that an award of expenses would be unjust and no sanctions will be awarded in conjunction with Plaintiffs' motion to compel.

## CONCLUSION

It is therefore ordered that Plaintiffs' Motion to Compel Discovery [DE-30] is DENIED.

SO ORDERED, this the 23rd of March 2015.

Robert B. Jones, Jr.
United States Magistrate Judge